## GUARDIAN BURIAL ASS'N v. RODGERS.
### No. 11382.

Court of Civil Appeals of Texas. Galveston.
April 16, 1942.

Rehearing Denied June 4, 1942.

Second Rehearing Denied July 1, 1942.

William Glover, of Houston, for appellant.

Samuel J. Lee, of Angleton, for appellee.

CODY, Justice.

This suit originated in a justice court of Brazoria County. It was brought by appellee against appellant upon a burial certificate which appellant issued to B. L.

Rodgers, the son of appellee; it carried a premium of 25¢ per month. Appellee's said son was killed in an automobile accident near Victoria, Texas, while in the army, and while the certificate was in full force and effect. Appellant's place of business was in Houston.

The case was tried to a jury, and was submitted on special issues, all of which were answered in appellee's favor. From a judgment for $150.00 in appellee's favor, appellant has perfected its appeal.

Appellee sued appellant for $150. It is appellant's contention that the certificate gave it the right to elect whether, upon the insured's death, it would pay $150, or furnish the insured with a burial, inclusive of appropriate merchandise, including a coffin described in the certificate. Appellant's defense to the suit is that it was not notified of the insured's death until after he was buried, and that it would have elected to bury insured had it been notified in time to bury him, but that appellee has made it impossible to perform under the obligation of the certificate which appellant elected; appellant tendered back to appellee all premiums which it had been paid.

Appellee has not favored us with a brief. We assume, for purposes of this opinion, that the certificate invests appellant with the right to elect whether. upon the insured's death, it will bury him or will pay $150.00. In such case appellant could not be deprived of its right of election by appellee's failure to notify it of the insured's death. However, when the insured died, the obligation of appellant under the certificate became fixed, either to pay $150.00 or furnish a burial. In order to exercise its right of election it was incumbent on appellant to tender performance of the obligation which it elected to be bound by. While it could not be expected to offer to bury insured, who had already been buried, it could have tendered such performance of its elected obligation as was possible. Included in its obligation to furnish insured with a burial was the obligation to deliver a valuable coffin. Appellant has never tendered appellee the coffin or its reasonable value. If appellee failed to take such steps as were necessary to effect appellant with notice in time to furnish insured with a burial, nevertheless there still remained a substantial part of such obligation which it could have performed had it elected to be bound by the burial obligation of the certificate. Instead of tendering performance of its burial obligation, appellant sought only to repudiate all obligation under the certificate by tendering back the premiums which it had received—amounting to less than five dollars. Appellant could not be discharged of its obligation under the certificate by merely professing that it would have elected to furnish the insured with a burial had it received timely notice of the insured's death; it was necessary for appellant, in order to effect an election, to tender such performance of the obligation which it professed to have elected, as remained possible to perform. Therefore, as a matter of law, appellant did not exercise its right of election under the certificate; it simply failed and refused to perform its obligation thereunder. Since appellant did not, as a matter of law, exercise any right of election secured to it by the certificate, it waived such right, and the court could properly render judgment for appellee on the obligation which appellee sought to enforce.

Since the court rendered the only proper judgment possible under the record in this case, it is our duty to affirm it. It is so ordered.

Affirmed.

### On Motion for Rehearing.

The theory of appellant's defense is that the policy of insurance sued on is a funeral benefit policy which imposed the obligation upon appellant only to furnish merchandise and service designated therein, and that it provides for a cash payment to be made to the beneficiary only where the beneficiary changed his domicile "outside of a hundred mile radius or moved to some point which made it impractical or impossible for defendant (appellant) to furnish the funeral service provided in said policy", which said exception appellant alleged did not apply in this instance. Appellant further pled that such exception in the policy "means and was intended to mean, in law and in fact, that if the policy holder voluntarily moved his domicile beyond the hundred mile radius and such removal made it impossible or impractical for defendant to furnish the merchandise and funeral benefits contracted to be furnished at the option of defendant, said defendant company could in lieu of said merchandise and service pay the sum of $150.00 in cash. * * *" We therefore were in error in stating in our original opinion that appellant's contention was that it had the right to elect whether it would pay $150 in cash

in lieu of furnishing the merchandise and service. It is now necessary to make an additional statement of fact.

Attached to the certificate, and by agreement made a part thereof, was insured's application therefor. Contained therein were a number of questions. Question No. 8, read as follows: "8. Do you prefer cash settlement? or do you prefer merchandise and service?" To the first part of question 8 the insured answered "No", and to the latter part he answered "Yes". And the class of funeral which insured selected was the one designated "Schedule A" in the certificate, which consisted of the following: An embossed cloth covered silk lined cypress casket, embalming and preparation of the body, funeral coach, two funeral cars, use of funeral chapel, transferring remains, burial permit, door badge, pallbearer gloves, press notice, funeral equipment for any denomination, and music furnished at funeral home chapel, "or one hundred fifty dollars ($150.00) allowance on any other funeral merchandise selected".

Following the foregoing, the certificate provided: "It is specifically agreed and understood that the above described services and merchandise shall be available, but in case any portion thereof is not desired or used, then in that event, no cash or other consideration whatsoever will be furnished in lieu thereof." The certificate also contained this provision: "In the event of change of domicile of the insured outside of a 100-mile radius and this policy is in full force and effect, which makes it impossible or impractical to furnish a funeral service as herein provided, the cash settlement of the maximum sum will be paid."

As stated in the original opinion, the insured was a soldier. When he was killed, the Army authorities took charge of the body and sent it to Victoria, which is 125 miles from Houston, and there had it embalmed and encased in a casket. The undisputed evidence was that the body could only be obtained at Victoria, and after the foregoing had been done. This proof was doubtless made in response to the issue made by appellant's pleadings to the effect that it was liable to pay the cash benefit only if it were impossible or impractical to furnish the merchandise, etc.

The certificate sued on is a policy of insurance. It must be construed in favor of the insured. In only one instance does the certificate permit appellant to claim the right to pay the cash benefit, namely, where the insured had removed his domicile more than a hundred miles from Houston. To construe such provision as meaning that in every other instance where it was impossible or impractical for appellant to furnish the merchandise and service, that the insurer would be relieved of the obligation to pay the cash benefit, would be to construe the policy in favor of the insurer. The essence of the provision is that if it is in fact impossible or impractical for appellant to furnish the merchandise or service it must pay the cash benefit. And this is only reasonable. Furthermore, Sec. 13 of Art. 5068—1, Vernon's Tex.Civ.Stat. (the act under which appellant operates) reads in part: "It is the primary purpose of this Act to secure to the members of the associations and their beneficiaries the full and prompt payment of all claims according to the maximum benefit provided in their certificates." And section 24 thereof provides: "Policies or certificates issued by burial associations shall provide for payment of the benefit in certain stipulated merchandise and burial service, * * * unless the insured shall at the time said policy is issued elect to have same paid in cash. * * * If the association issuing said policy shall fail or refuse to furnish the merchandise and services provided for in the policy, same shall be paid in cash." The cash benefit payment is not a penalty exacted from the insurer for failure to furnish the merchandise and services, but an alternative obligation. While it is true that the failure of the insurer to furnish the merchandise and services provided in the certificate was not its fault neither was such failure chargeable to appellee, or if it can be said appellee should have notified appellant of insured's death, such failure made no difference. The jury found in answer to special issues that it was impossible and impractical for the appellant to have obtained the body for furnishing a funeral service as provided in the policy had it been notified of insured's death. Therefore, having failed to furnish the merchandise benefit under circumstances which will not relieve it of its obligation under its policy, it was appellant's obligation to pay the cash benefit therein provided. The judgment awarding such cash benefit must therefore be affirmed. The motion for rehearing should be refused, and it is so ordered.

Motion refused.