**BURLESON BURIAL ASS'N v. FREE et ux.**

**No. 2558.**

Court of Civil Appeals of Texas. Waco.

Nov. 24, 1943.

Rehearing Denied Jan. 20, 1944.

Bowlen Bond, of Fairfeld, and E. A. Camp, of Rockdale, for appellant.

Geppert & Victery, of Teague, for appellees.

HALE, Justice.

L. N. Free and wife instituted this suit in a Justice Court for the recovery of a cash benefit alleged to be due them by appellant under a certificate of membership issued to their deceased son, H. N. Free. Upon appeal to the County Court the case was tried without a jury and resulted in judgment for appellees for $150 cash benefit, $18 penalty and $25 attorney's fees. Appellant says the judgment should be reversed and here rendered in its favor because, under the evidence and the terms of the certificate sued upon, it was not liable as a matter of law for any cash benefit, penalty or attorney's fees.

Appellant is a burial association as defined in Sec. 23, Article 5068—1 of Vernon's Tex.Ann.Civ. Stats. On August 2, 1941, L. N. Free made application on behalf of himself, his wife and his son, H. N. Free, who at that time was a single man living with his parents, for three certificates of membership in said Association. The application was accepted and the certificates duly issued. There after H. N. Free became a member of the U.S. Merchant Marine Corps. On or about May 27, 1942, he went down with his ship in the Caribbean Sea and his body was never recovered. At the time of his death the certificate of membership issued to him was in full force and effect. He died intestate. No administration was taken out on his estate and none was necessary. Appellees, being the sole surviving heirs at law of their deceased son, filed their claim with appellant on September 27, 1942, for $150 cash benefit under the certificate. On October 16, 1942, appellant refused to make the cash payment demanded but offered to furnish the merchandise and service called for in the certificate.

The application for membership recited that the applicants each resided within seventy-five miles of the home office of appellant, giving their address as Teague, Texas, R.F.D. 3, and that each had elected to take a service and merchandise certificate. The certificate sued upon provided on its face, in effect, that the member had elected to take the benefits of a merchandise and service certificate of the value of $150 and was therefore entitled at his death to a funeral

of that value, which the Association agreed to furnish without further cost to the member; and that "the services and merchandise herein mentioned shall be available, but if not used for the funeral of said member, no cash or other consideration whatsoever will be given in lieu thereof." The certificate provided in its conditions and stipulations that the member should promptly notify appellant of any change of address and "upon the death of said member it shall be the duty of the beneficiary or those having authority to promptly and at once notify this Association in order that all arrangements may be promptly made for the funeral." The certificate also scheduled the merchandise and burial service therein stipulated substantially as follows: One casket as therein described, with one man's suit or one rayon crepe dress, all of the value of $110; preparing of body, hearse, grave equipment and lining grave, of the value of $40.

The evidence does not show when H. N. Free left the home of his parents or when he entered the service of the Merchant Marine, or that appellant had any knowledge or notice thereof prior to the death of the member. Appellees introduced in evidence a printed form notice which appellant sent to its members reading as follows: "If any member of the family listed herein is in the Armed Forces serving overseas, we suggest that his policy in the Burleson Burial Association be dropped as our policies call for merchandise and service only, and, naturally, in many cases we would not be in position to furnish such merchandise and service. Also, our government provides for all men in Military Service in case of death."

■■ Appellees cite the case of Guardian Burial Ass'n v. Rodgers, Tex.Civ.App., 163 S.W.2d 851, 853, in support of the judgment of the trial court. However, we do not think that case is controlling in its application to the facts of this case. There the certificate sued upon provided that "in the event of change of domicile of the insured outside of a 100-mile radius and this policy is in full force and effect, which makes it impossible or impractical to furnish a funeral service as herein provided, the cash settlement of the maximum sum will be paid." Here the certificate sued upon contains no such provision. We find no ambiguity in the terms of the contract as here written. It simply does not provide for the payment of any cash benefit under any circumstances whatsover. Therefore, it is clear to us that no liability can be imposed upon appellant in this case for the payment of a cash benefit, unless the same finds support in the provisions of the statutes as distinguished from the terms of the written contract.

Sec. 24, Art. 5068—1 of the Statutes provides in part as follows: "If the association issuing said policy shall fail or refuse to furnish the merchandise and services provided for in the policy, same shall be paid in cash.". This provision does not mean, however, that the association must in all events physically recover the body of the deceased member and encase the same in the merchandise contracted for under the penalty of paying a cash benefit if it fails to do so. Neither does such provision mean that the legal representatives of a deceased member shall have the right at their option to revoke an election previously made by the deceased member during his lifetime, and thereby write into the contract terms and conditions which the same did not contain. If appellant in this case had improperly failed or refused to perform any of the obligations resting upon it under the terms of the contract as written, then under the provisions of the cited statute it would have been liable to appellees for the value of the merchandise and services in the stipulated sum of $150. But there is no contention that appellant has been guilty of any neglect of duty which it owed under the contract. It consistently maintained its tender of performance up to and at the time of trial. In our opinion, the mere fact that the parents of the deceased member did not wish to accept or receive the merchandise which appellant contracted to furnish, or that the circumstances were such as to prevent appellant from performing the services agreed upon, would not render appellant liable for the cash value thereof.

After carefully considering the terms and conditions of the contract sued upon and the applicable provisions of the statutes with respect thereto, we are forced to the conclusion that appellees were not entitled to recover any cash benefit under the evidence in this case. Therefore, the judgment of the trial court must be and the same is hereby reversed and judgment is here rendered in favor of appellant.